UNION DISTILLING CO. *v.* RUSER.   (No. 1.)

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

ATTACHMENT—PROCEDURE—SERVICE OF SUMMONS.
   Where an attachment was issued April 20, 1891, failure to make publication of the summons or other service of the same prior to May 21, 1891, is fatal to the continuance of the warrant, under Code Civil Proc. N. Y. § 638, which requires service to be made within 30 days after the warrant is granted.

Appeal from special term, New York county.
Action by Union Distilling Company against Henry Ruser.   From an order denying his motions to vacate an attachment therein for failure of service of summons according to Code Civil Proc. N. Y. § 638, which provides that "personal service of the summons must be made upon the defendant against whose property the warrant is granted within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be

made without the state, pursuant to an order obtained therefor," defendant appeals. For former report, see 14 N. Y. Supp. 908.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*L. Ruser,* for appellant.  *S. E. Duffey,* for respondent.

PER CURIAM. It appears from the papers upon appeal that the attachment herein was issued on the 20th of April, 1891, and that there was no publication of the summons or other service of the same prior to the 21st of May, 1891,—more than 30 days after the granting of the attachment. This was fatal to the continuance of the warrant, unless the defendant appeared in the action. It is claimed by the respondent that the defendant did appear, and moved to vacate the attachment. It appears, however, from the papers upon appeal that the appearance was not general, but special, and for the sole purpose of a motion to set aside the attachment. It therefore gave no authority for the continuation of the action, nor would it have given any for the entry of judgment in case of failure to answer. The motion to set aside should have been granted, and the order denying such motion should be reversed, with $10 costs and disbursements, and the motion granted. All concur.